**UNITED STATES of America, Appellee,**

v.

**John DOE, Defendant–Appellant.**

**No. 13–4573–cr.**

United States Court of Appeals, Second Circuit.

Feb. 19, 2015.

Phillip R. Katowitz, Esq., Brooklyn, NY, for Appellant.

Amy Busa and Tanisha R. Payne, Assistant United States Attorneys, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, New York, NY, for Appellee.

Present: BARRINGTON D. PARKER, PETER W. HALL and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

All parties agree, and this Court's inspection confirms, that, when the District Court imposed a five-year term of supervised release as part of Defendant's sentence, it appears to have been under the impression that Defendant was to be sentenced consistent with a conviction under 21 U.S.C. § 960(b)(1), which requires a term of supervised release of "at least 5 years." Defendant, however, was to have been sentenced consistent with a conviction under 21 U.S.C. § 960(b)(3), which only requires imposing a term of supervised release of "a least 3 years." It is necessary, therefore, to remand Defendant's case to the District Court so it may ensure that Defendant is sentenced consistent with 21 U.S.C. § 960(b)(3), *see United States v. Doe,* 297 F.3d 76, 93 (2d Cir.2002) (remanding "for resentencing under 21

U.S.C. § 960(b)(3)"), and, if the District Court intended to impose a five-year term of supervised release, so it may also set forth the reasons for the term imposed, *see United States v. Stevens,* 66 F.3d 431, 438 (2d Cir.1995).[1]

Accordingly, this case is **REMANDED** for the District Court to consider whether, knowing that Defendant was to be sentenced consistent with a conviction under 21 U.S.C. § 960(b)(3), it would nevertheless have sentenced Defendant to a five-year term of supervised release and, if so, to explain the reasons for the term imposed. Alternatively, if the District Court would have sentenced Defendant to a lesser term of supervised release, the court shall vacate the term of supervised release imposed and resentence Defendant to a different term of supervised release consistent with the provisions of 21 U.S.C. § 960(b)(3).

1. We note that the amended judgment of the District Court continues to indicate erroneously that Defendant was guilty under 21 U.S.C. §§ 963 and 960(b)(1). We direct the District Court to correct this error on remand.